# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| § | CASE NUMBER 6:13-CR-00013-RC |
| v. § | |
| § | |
| § | |
| § | |
| PETER HOEGAR BAKER (4), § | |
| § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On September 7, 2017, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Peter Hoegar Baker. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Public Defender Ken Hawk.

Defendant originally pled guilty to the offense of Use, Carrying, and Possession of a Firearm During and in Furtherance of a Drug Trafficking Crime, a Class A felony. The offense carried a statutory maximum imprisonment term of life. The United States Sentencing Guideline range, based on a total offense level of 0 and a criminal history category of VI, was 60 months. On April 24, 2014, District Judge Leonard Davis sentenced Defendant to 60 months of imprisonment followed by 5 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug after-care, and a $100 special assessment fee. On March 24, 2017, Defendant completed the term of imprisonment and began his term of supervised release.

1

Under the terms of supervised release, Defendant was required to refrain from excessive use of alcohol and from purchasing, possessing, using, distributing, or administering any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. In its petition, the government alleges that Defendant violated this condition of supervised release by submitting urine samples on April 17, May 3, 2017 that tested positive for methamphetamine, and submitting a urine sample on May 19 that tested positive for marijuana.

Based on Fifth Circuit case law, the Court can find that illicit drug use constitutes possession. If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.3(a)(1). Upon a finding of a Grade B violation, the Court shall revoke a term of supervision. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of VI, the Guideline Imprisonment Range for a Grade B violation is 21 to 27 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts alleged above. In exchange, the government agreed to recommend a sentence of 24 months with credit for time served from July 19, 2017, and no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Peter Hoegar Baker be committed to the custody of the Bureau of Prisons for a term of imprisonment of 24 months with credit for time served from July 19, 2017, and no supervised release to follow. The Court **FURTHER RECOMMENDS** that the place of confinement be

Coleman, Florida, if available, or Victorville, California, in order to facilitate family visitation.

The Court also **RECOMMENDS** drug treatment.

 

**So ORDERED and SIGNED this 11th day of September, 2017.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE